Tilghman C. J.
This case comes before us on an exception to the charge of the President of the Court of Common ■Pleas. The exception is taken under the act of assembly, and no facts appear on the record except such as are stated or alluded to in the charge. The ejectment was brought by the defendants in error, children of Martin Niesly, deceased, founded on a parol contract between the said Martin and his father Jacob Niesly, for the purchase of the land in ■dispute : which contract, as the plaintiff alleged, was accompanied with payment of part of the purchase money, and delivery of possession. Seven exceptions were taken to the charge of the Court.
1. The first exception is to the evidence of Jacob Nieslys confessions. The Court said, “ that such confessions were evidence of the contract,” and there cannot be a doubt but they were. The defendant claimed under Jacob Niesly: therefore the confessions were evidence against him, as well as against Jacob Niesly himself. The Court did not say, that such confessions were alone conclusive evidence of the contract: but that they were evidence proper to be taken into consideration. The point falls within the well established principle, that although a man’s own declarations are not evidence for him, they are strong evidence against him. This principle is founded on a knowledge of human nature. Self-interest induces men to be cautious in saying any thing against 'themselves, but prone to speak in their own favour. It is a safe rule, therefore, to admit the one in evidence; but to re.ject the other.
2d Exception. The Court charged, “ that the contract might be proved by circumstances.” The Court said, that there was-no need of express proof: but at the same time the Jury were told to find for the defendant, unless the contract were proved clearly and to their entire satisfaction. What *355 more could be necessary ü If conviction is brought home to the mind it is sufficient. It is immaterial whether the proof be by the oath of a perfeon who was present and heard the contract, or by evidence of a variety of circumstances, such as confessions of the party, payment of purchase money, delivery of possession, &c. which, taken altogether, leave the mind in no doubt as to the existence of the contract.
3d. It is objected, that possession alone will not take a parol contract out of the act for the prevention of frauds and perjuries. It is unnecessary to decide that point, because the charge of the Court did not put the case upon it. Possession was said to be a strong circumstance, but the whole charge is to be taken together, and in the course of it the jury •were directed to find against the plaintiff, unless the contract was clearly proved, and, “ unless also it was clearly proved “ and established, that part of the purchase money was paid, “ and possession delivered in pursuance of, and with a view “to the performance of the contract.” Now it cannot be doubted, that under all these circumstances the plaintiff would be entitled to recover, according to repeated decisions of this Court.
4th. It is objected, that the plaintiffs ought to have tendered the balance of the purchase money and interest before they commenced this suit. But supposing the law to be so in general, this case forms an exception: because, as it was sub" mitted to the jury, by the President, we must understand, that by the terms of the contract, possession was to be delivered before payment of the whole purchase money, and was delivered accordingly; after which the plaintiffs were ousted. The plaintiffs then had the right of possession before payment of the purchase money; and being ousted had a right to recover the possession.
The remaining exceptions' are to the proceedings on a paper filed by the plaintiffs before verdict, by which it was stipulated, that in case of a verdict in their favour, judgment should not be entered before payment of the balance, of the purchase money and interest, to be ascertained by auditors to be appointed by the Court. If the Court had undertaken to compel the defendant to submit to these proceedings, I should think that they had exceeded their power. But that is not the case. The plaintiffs’ right of recovery was complete, independently of their offer to pay the balance to *356 he. ascertained by auditors; so that the offer and all that wa3 done.under it were matter of supererogation, of which the defendant might avail himself, or not, as he thought proper. It might be to his advantage,:-therefore, and could not be to his prejudice.. He-had. his, option to join in the proceedings and obtain full payment of ■ the,/purchase money before he gave up the possession of the land, or to reject the plaintiffs’ offer altogether, and either,.try.their .title in a new ejectment, or bring an action for. the'-recoverytof the purchase money, and have the balance ascertained by a. jury.. For want of . a Court of Equity we are driven to practices .which would be improper if we had such a Court. In the present instance the plaintiffsvoluntarilyplaced.themselves under the power of the Court, to.remove, all objections to.-the apparent injustice of recovering,the land before, they -paid for.it.
It was. for the defendant .to say, whether he would have the equity of the case decided .in. the manner proposed. If he accepted the proposal, the final decision of his 'cause would be accelerated. If he rejected it, no harm would be done. On the whole, there is nothing in these proceedings to injure the title of .the plaintiffs, which was sufficient for a recovery, in this, action without them. I am, therefore, of. opinion* that the judgment should be affirmed.
Yeates J.
We have adopted to a certain extent the principles of decision in the English Courts of Equity, that what ought to have been done shall be considered as done, and that a parol agreement in part executed will take a case out of the act for prevention of frauds and perjuries. This practice is sanctioned by-art. 5. sect. 6. of the State Constitution, directing, that the Supreme Court and the several Courts of Common Pleas, besides the powers theretofore usually, exercised by them, shall have the powers of a Court of Chancery in certain instances. The delivery of the possession of -lands to the. buyer under a verbal contract, and making improvements in consequence thereof, have always been held to form exceptions out of the British statute. Whether the. mere payment of part of the purchase money will produce this.effect is more dubious. Cases on both sides of-the question occur in the books. The rule lately laid down is, that nothing is-considered as a part performance which does not put the party in a situation which is a fraud upon him, unless the *357 agreement is performed. 1 Scho. and Lef. 41. It is there said, that payment of money is not part performance : for it may " be repaid: and then the parties will be just as they were placed before: especially if repaid with interest.
It is certainly tru,e, that a Court of Equity is not unlimited, but is guided and governed by precedents. 3 Cha. Ca. 93. Principles of decision thus adopted by the Courts of Equity when fully established,.and made the grounds of successive decisions, are considered by those Courts as rules to be observed with as much strictness as positive law. Mitf, Treat. 4. (note 6.)
I see no matter of law inaccurately stated in the charge, when it is fairly construed. The declarations of a vendor of lands are uniformly receiyed to establish his contract against him and all persons claiming under him; and the assent of the other party thereto may not only be proved by express testimony, but by his gestures or even silence, so it may be inferred from his acquiescence. Matters have been imputed to the charge which do not exist in it.
' It does not lie with us to decide, whether justice has been done by the verdict. If it was even within our province, we have not the evidence on which alone a correct judgment could be formed. The written engagement filed by the counsel of the plaintiffs below has been much complained; of as well as the subsequent proceedings thereon. Xri fact such.. agreements are often filed during the trial of ejectments resting on equitable titles, to obviate an objection which is sometimes raised, that the Court will not' adopt chancery principles where theycannot do full and complete justice between the parties. They have always been considered as mere offers, not as evidence of the facts stated therein. In this instance they are not even mentioned in .the charge of the Court. If, however, the plaintiff in error, would be concluded by these proceedings, I should think he had good grounds of complaint. But he may disaffirm the supposed contract for the lands, by bringing a new ejectment, or he may contest the amount of the consideration money, by bringing a suit at law for the recovery of the sum contended to be really due. I am of opinion, that the judgment below should be affirmed.
Bracke.nribge J. was sick and absent.
Judgment affirmed.